

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRT DEVELOPMENT COMPANY, d/b/a OMNI HOTELS § § § § § | |
| v. § § § § § § | CIVIL NO. 3-00CV2191-H<br><br>Jury Requested |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

TRT Development Company d/b/a Omni Hotels files its original complaint as follows:

### PARTIES

1. Plaintiff TRT Development Company d/b/a Omni Hotels ("TRT") is a Delaware corporation. Its principal place of business in the state of Texas is at 420 Decker Drive, Suite 200, Irving, Texas 75062-3952.

2. Defendant Liberty Mutual Fire Insurance Company ("Liberty") is a Massachusetts corporation that is licensed by the Texas Department of Insurance as an authorized insurance company in the state of Texas. Liberty may be served with process through its registered agent for service, CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

### JURISDICTION AND VENUE

3. Jurisdiction exists under 28 U.S.C. § 1332 because TRT and Liberty are citizens of different states and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

Plaintiff's Original Complaint         Page 1

4. Venue is proper in this district because Liberty conducts business in this district and/or a substantial part of the events giving rise to this action occurred in this judicial district. 28 U.S.C. § 1391 (a) and (c).

## BACKGROUND

5. TRT is the owner and operator of Omni Hotels, which has numerous locations throughout the United States. One such location is the Omni Interlocken Hotel and Golf Course ("Interlocken") in Colorado. On July 25, 1998, a severe rainstorm passed over Interlocken. The heavy rains and wind damaged the golf course, including the ponds, greens, fairways, tee boxes, sand traps, concrete paths, and irrigation/ drainage systems.

6. TRT insured its Omni Hotel locations through Liberty. Liberty issued Policy No. MM2-L1P-004312-017 to TRT with effective dates of March 1, 1997 through March 1, 2000, in the amount of $5,000,000. The policy provides, in pertinent, as follows:

> A. Property Insured
>
> Unless otherwise excluded, this policy covers the following property while on the described locations and within 1,000 feet thereof;
>
> 1. real property in which the insured has an insurable interest;
> 2. personal property owned by the Insured, including improvements and betterments in which the Insured has an insurable interest;

Although not a described location on the original policy, the Interlocken golf course was specifically added by the following endorsement dated June 4 1998:

> In consideration of an additional premium of $6,881, it is understood and agreed that this policy is extended to provide coverage for all Real and Personal Property, including during the course of construction, of the Omni Interlocken Hotel Golf Course in Colorado.

## COUNT 1: BREACH OF CONTRACT

7. TRT incorporates by reference the facts contained in paragraphs 1 - 6 above as if each is set forth in its entirety herein.

8. Following the July 25, 1998 storm damage, TRT submitted a claim to its insurer, Liberty, for damage to the golf course. Liberty accepted the claim, in part, and denied the claim, in part. Liberty's denial of part of the claim is a material breach of the insurance contract.

9. Liberty's denial of part of TRT's claim has resulted in damages to TRT, both general and special, for which TRT now seeks recovery in this Court.

10. Additionally, TRT seeks to recover its reasonable attorney's fees pursuant to §38.001 of the Texas Civil Practices and Remedies Code.

## COUNT 2: VIOLATION OF ARTICLE 21.21

11. TRT incorporates by reference the facts contained in paragraphs 1 - 10 above as if each is set forth in its entirety herein.

12. Liberty's actions constitute violations of Article 21.21 of the Texas Insurance Code.

13. In particular Liberty has violated Section 4(1) by,

> Making, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby ... [and] using any name or title of any policy or class of policies misrepresenting the true nature thereof.

14. Liberty has violated Section 4(11) by misrepresenting the Policy by,

   (a) making an untrue statement of material fact;

   (b) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

   (c) making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

    (d)    making a material misstatement of law; or

    (e)    failing to disclose any matter required by law to be disclosed, including a failure to make disclosure in accordance with another provision of this code.

15.    Additionally, Liberty has engaged in unfair settlement practices in violation of art. 21.21 §4(10).

16.    Liberty acted knowingly and/or had actual awareness of the falsity, deception, and unfairness of the acts and practices described in this petition.

17.    As a result of Liberty's unfair and deceptive acts and omissions in violation of Tex. Ins. Code art. 21.21, TRT seeks damages pursuant to art. 21.21 §16(b) including actual damages, reasonable and necessary attorneys' fees, and court costs. Additionally, TRT seeks recovery of three times its actual damages under art. 21.21 §16(b) as a result of the knowing and intentional conduct of Liberty.

## COUNT 3: VIOLATION OF ARTICLE 21.55

18.    TRT incorporates by reference the facts contained in paragraphs 1 - 17 above as if each is set forth in its entirety herein.

19.    Liberty's actions constitute violations of Article 21.55 of the Texas Insurance code.

20.    Liberty has violated Section 2 by failing to acknowledge receipt of the claim, commence an investigation of the claim and request all documents from TRT within the time limits of art. 21.55 §2(a).

21.    Liberty has violated Section 3 by failing to properly notify TRT in writing of an acceptance or rejection of TRT's claim within the time limits of art. 21.55 §3(a).

22.    Liberty has violated Section 4 by failing to pay the claim promptly within the time limits of art. 21.55 §4.

23.    As a result of Liberty's acts and omissions in violation of art. 21.55, TRT has sustained actual damages for which recovery in now seeks.

24.    Additionally, pursuant to art. 21.55 §6, TRT requests that it be awarded its attorneys' fees, and the amount of 18% of the claim as additional damages.

## CONCLUSION AND PRAYER

WHEREFORE, TRT requests that Liberty be cited to appear and answer, and that on final trial, TRT have the following:

a.    Damages for breach of contract, including incidental and consequential damages;

b.    Damages for Art. 21.21 violations;

c.    Damages for Art. 21.55 violations;

d.    Reasonable and necessary attorneys' fees;

e.    Pre and post judgment interest at the highest rate allowed by law;

f.    Costs of suit; and

g.    Any and all such further relief, at law or in equity, general or special, to which TRT may show itself to be justly entitled.

By: _____
James L. Bettis, Jr.
State Bar No. 02268650
2650 One Allen Center
500 Dallas Street
Houston, Texas 77002
(713) 655-7511 (telephone)
(713) 655-7526 (facsimile)
**ATTORNEY IN CHARGE FOR PLAINTIFF TRT DEVELOPMENT COMPANY *d/b/a* OMNI HOTELS**

OF COUNSEL:

**HARRISON, BETTIS & STAFF, L.L.P.**

Paul D. Sculley
State Bar No. 24008006